NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHUKWUMA E. AZUBUKO, : | |
| : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 04-CV-1944 (DMC) |
| THE BOSTON PUBLIC SCHOOLS, : | |
| : | |
| Defendant. : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

  This matter comes before the Court upon a motion by the Boston Public Schools ("Defendant") to dismiss all counts of the Complaint filed by <u>pro se</u> Plaintiff Chukwuma E. Azubuko ("Plaintiff") pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure for lack of personal jurisdiction over Defendant. Plaintiff has also filed a motion for summary judgment. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion to dismiss Plaintiff's Complaint is **granted** and Plaintiff's motion for summary judgment is **denied**.

### I. BACKGROUND

  On April 29, 2004, Plaintiff filed a Complaint before this Court alleging employment grievances against Defendant. (<u>See</u> Plaintiff's Complaint ("Pl. Compl."). On March 5, 2005, Defendant filed a motion to dismiss Plaintiff's Complaint for this Court's lack of personal jurisdiction over Defendant. (Defendant's Brief in Support of its Motion to Dismiss ("Def. Br.")

at 1). Plaintiff is a citizen of Boston, Massachusetts. (Pl. Compl. at 17). Defendant is also a citizen of Boston, Massachusetts. (Defendant's Brief in Support of its Motion to Dismiss ("Def. Br.") at 1). For the reasons set forth below, this Court grants Defendant's motion to dismiss for lack of personal jurisdiction.

## II. DISCUSSION

### A. Personal Jurisdiction

In deciding a motion to dismiss for lack of personal jurisdiction, a court must assume the allegations of the complaint are true. See Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996); Carteret Savs. Bank & Shushan, 954 F.2d 141, 142, n.1 (3d Cir. 1992); Wright v Xerox Corp., 882 F. Supp. 399, 403 (D.N.J. 1995). To assert personal jurisdiction over a nonresident defendant, the plaintiff has the burden to establish the defendant had minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Personal jurisdiction arises when a defendant "purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). In other words, the defendant must have engaged in some purposeful conduct within the forum "such that he should reasonably anticipate being haled into court there." See World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980). To demonstrate such conduct, "the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the

defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." See Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (quoting Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414, 416 (1984)).

      Here, Plaintiff has not satisfied the burden of proving Defendant has sufficient contacts with New Jersey for this Court to exercise personal jurisdiction over Defendant. Plaintiff cannot prove this Court has jurisdiction over Defendant by showing the activities complained of occurred in New Jersey. In his Complaint, Plaintiff asserts employment related claims that allegedly arose during the period he was employed as a substitute teacher for Defendant. (Pl. Compl. at 2). Defendant is a subdivision of the City of Boston, a municipal government of the Commonwealth of Massachusetts. (Def. Br. at 1). Defendant's "business" is that of educating the children of Boston, Massachusetts. Defendant conducts all of this "business" within Boston, Massachusetts. Thus, the alleged activities that gave rise to Plaintiff's cause of action could not have occurred in New Jersey.

      In addition, Plaintiff cannot demonstrate that it would be reasonable for Defendant to expect to be called into court in the District of New Jersey. Neither the Boston Public Schools, nor the City of Boston have ever been physically present in the state of New Jersey. Defendant has never availed itself of the benefits or protections of New Jersey laws. In fact, Defendant has not made any contact with the state of Jersey at all. For these reasons, Plaintiff has failed to prove this Court has personal jurisdiction over Defendant. Defendant's motion to dismiss for lack of personal jurisdiction is hereby granted.

### B. Transfer of Venue

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a defendant may raise the defense of improper venue and request a case be transferred to another district. Under 28 U.S.C. § 1406, a court must dismiss a case laying venue in the wrong district, or, if the interest of justice so requires, transfer the case to another judicial district. Pursuant to 28 U.S.C. § 1406(a), a court may transfer a matter even after determining it lacks personal jurisdiction over the defendant. Due to the fact that both Plaintiff and Defendant are citizens of the Commonwealth of Massachusetts, this Court could transfer this case to the United States District Court for the District of Massachusetts, on the principal that Massachusetts is the appropriate forum for Plaintiff's claims to be litigated. However, it has come to the attention of this Court that Plaintiff has been barred from filing any more complaints in the District of Massachusetts by an Order entered on September 6, 1995, by Chief Judge William G. Young. In light of this fact, this Court declines to transfer this matter to the District Court of Massachusetts.

### C. Sanctions

It has long been established that courts have the inherent power and discretion to impose sanctions on those who abuse the judicial system. Chambers v. NASCO, 501 U.S. 32, 49 (1991). In this case, Plaintiff has clearly abused the judicial system. Judge Young's Order requires that Plaintiff must first receive "leave to file" from the District Court of Massachusetts before filing a Complaint. There is no indication that Plaintiff sought or was granted permission to file his Complaint. By filing his Complaint in the District of New Jersey without first obtaining permission, Plaintiff blatantly disregarded Judge Young's Order and proceeded to waste this Court's valuable time by purposely filing his claim in the wrong forum. This is not the first time

Plaintiff has attempted to circumvent the prerequisites established by Judge Young's Order and this Court will advise Judge Young of this violation so Judge Young may impose whatever sanctions he deems appropriate.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant's motion for summary judgment is granted and Plaintiff's Complaint is **dismissed**.  Plaintiff's motion for summary judgment is **denied**.  An appropriate Order accompanies this Opinion.

                                                  S/ Dennis M. Cavanaugh
                                                  Dennis M. Cavanaugh, U.S.D.J.

Date:        December 5, 2005
Original:    Clerk's Office
Cc:          All Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File