NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHUKWUMA E. AZUBUKO, : | |
| : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 04-CV-1944 (DMC) |
| THE BOSTON PUBLIC SCHOOLS, : | |
| : | |
| Defendant. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a motion by the Chukwuma E. Azubuko ("Plaintiff") for reconsideration of this Court's December 6, 2005 Opinion and Order granting the Boston Public School's ("Defendant") motion to dismiss. Plaintiff filed this motion pursuant to Federal Rule of Civil Procedure 59(e); no oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure; after careful consideration of Plaintiff's submissions and for the reasons set forth below, Plaintiff's motion for reconsideration is **denied**.

I. BACKGROUND

The facts of this matter are described in detail in this Court's December 6, 2005 Opinion and in the interest of judicial economy the facts will not be restated in this Opinion. On January 6, 2006, Plaintiff filed a motion for reconsideration and now requests this Court to reconsider that which it previously decided. Defendant has not filed any opposition to this motion.

## II. Discussion

### A. The Standard for Reconsideration

Under Rule 59(e) of the Federal Rules of Civil Procedure, a plaintiff must satisfy a high standard in order to have a judgement altered or amended.  In <u>North River Insurance Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995), the Court stated that a Rule 59 motion for an amended judgment must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to either correct a clear error of law or prevent a manifest injustice.  A motion for reconsideration is regarded as "the functional equivalent of a Rule 59 motion. . . to alter or amend judgment."  <u>Venen v. Sweet</u>, 758 F. 2d 117, 122 (3d Cir. 1985).  Pursuant to Rule 59, a party wishing to file a motion for reconsideration must do so within "10 days after the district court enters its judgment on the docket."  Rule 59 also prevents district courts from granting a party any extension to the 10 day rule.

### B. Plaintiff's Failure to File a Timely Motion

The Court entered its decision granting Defendant's motion to dismiss on December 10, 2005.  In order for Plaintiff to have filed a timely motion for reconsideration, he would have had to do so by December 20, 2005.  Plaintiff did not file his motion for reconsideration until one month after this Court rendered its decision on January 6, 2006.  Plaintiff failed to file the time line requirement set forth in Rule 59 and therefore his motion must be denied.  Due to Plaintiff's failure to file a timely motion, this Court does not have to address the merits of his argument.

### III. Conclusion

For the reasons stated in this Opinion, Plaintiff's motion for reconsideration is **denied**.

An appropriate Order accompanies this Opinion.

                                         S/ Dennis M. Cavanaugh
                                         Dennis M. Cavanaugh, U.S.D.J.

Date:        May 16, 2006
Original:   Clerk's Office
Cc:         All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File